Juventino REYES–SILVA; Guadalupe Reyes–Corona, Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

Nos. 06–71264, 06–73551.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Dec. 29, 2008.

Charles E. Nichol, Law Offices of Charles E. Nichol, San Francisco, CA, for Petitioners.

Kurt B. Larson, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, RYMER, and TROTT, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

In these consolidated petitions, Juventino Reyes–Silva and Guadalupe Reyes–Corona, husband and wife and natives and citizens of Mexico, seek review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their applications for cancellation of removal, and the BIA's order denying their motion to reopen. We dismiss the petitions for review.

We lack jurisdiction to review the agency's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005). Petitioners' contention that the agency violated their due process rights by disregarding certain hardship evidence is not supported by the record and therefore does not amount to a colorable constitutional claim. *Id.*

The evidence petitioners presented with their motion to reopen concerned the same basic hardship grounds previously considered by the agency. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir. 2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship for purposes of cancellation of removal. *Id.* at 601.

PETITIONS FOR REVIEW DISMISSED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.